No.——

First Circuit

FLETCHER v. WEST

(Jan. 7, 1927.   Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Obligations—Par. 35, 37.**

There is a moral duty to support a feeble-minded half-sister of one's wife, but this duty is not enforcible by law.

2. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on a question of fact that there was no contract proven, being clearly correct, is affirmed.

Appeal from District Court, Parish of Vernon. Hon. Hal H. Burgess, Judge.

Action by W. H. Fletcher against S. R. West.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Robert J. O'Neal, of De Ridder, attorney for plaintiff, appellant.

Thompson & Ferguson, of Leesville, attorneys for defendant, appellee.

LECHE, J.   This suit is upon an alleged contract said to have been entered into between plaintiff, through his wife, and defendant.

Plaintiff claims three hundred and eighty-seven dollars, balance due for support and maintenance of his wife's half-sister, from May 1, 1921, to March 1, 1925, at the rate of ten dollars per month. He represents in his petition that defendant agreed and bound himself to pay to Mrs. Fletcher, wife of plaintiff, ten dollars per month to help support Miss Sinie West, a feeble-minded young woman, half-sister of plaintiff's wife. That this agreement was entered into in the year 1920, that defendant lived up to the agreement and paid Mrs. Fletcher ten dollars per month up to and including the 1st of May, 1921. That since that time defendant did pay a merchandise bill for the benefit of said Sinie West, amounting to sixty-three dollars, for which sum credit is given to him, leaving a balance due as aforesaid.

Sinie West is a half-sister also of the defendant and has other half-brothers and sisters. It is admitted that she is mentally defective and unable to care for herself. It is not shown that she has any means and it became a moral duty on the part of her nearest relatives, her half-brothers and sisters to provides for her existence. Defendant had her in his home and maintained her for some thirteen years. He then sent her to another sister, a Mrs. Guess, and only found out that she had been taken by Mrs. Fletcher, some time thereafter.

Mrs. Fletcher as a witness says that she had an interview by appointment with

defendant and P. W. West, another brother, who lives in De Ridder, in which it was agreed that defendant would pay her ten dollars a month for the support of Sinie. Both the appointment and the agreement to pay Mrs. Fletcher ten dollars per month are denied by defendant. Defendant admits that he told his brother P. W. West that he was willing to give Sinie ten dollars per month for her support, but that this was merely a gratuity and not a binding contract in favor of Mrs. Fletcher. He further says that he sent this amount regularly for some time, but finding out that his remittances were not being used for the purpose intended, he wrote Mrs. Fletcher that he would send no more money. Mrs. Fletcher admits that defendant made no further remittances after May 1, 1921, but she does not remember far back enough to say that she received such a letter.

This suit was only instituted in March, 1925, four years after defendant's contributions for the support of Sinie had ceased. It is not alleged or shown that Mrs. Fletcher took Sinie into her home in consideration of the alleged promise on the part of defendant or that the alleged contract was to remain in force for any particular time. It is true that a moral duty rests upon defendant as well as upon plaintiff and their other brother and sister, to assist in supporting Sinie, but that duty is not enforcible at law. The evidence does not seem to us to sustain the existence of the alleged contract, and defendant, though he says he is willing and ready to perform his moral duty towards his half-sister, cannot be compelled under the evidence, as we appreciate it, nor under the law, to pay three hundred and eighty-seven dollars to plaintiff. The trial judge so found and we agree with him.